# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MATRIYA-SHALAI JOHNSON, | : | CIVIL ACTION |
| --- | --- | --- |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **DEPARTMENT OF HUMAN** | : | NO. 18-1574 |
| **SERVICES**, *et al.*, | : | |
| **Defendants.** | : | |

FILED
APR 27 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

**MCHUGH, J.**                                                                                               **APRIL 27, 2018**

Plaintiff Matriya-Shalai Johnson brings this *pro se* civil action against the following Defendants: (1) Department of Human Services; (2) Darin Wiggs-Hughes; (3) Christopher Li; (4) Ja'net Roberson; (5) Ms. Latiff; (6) Racquel Braham; (7) Net CUA 7; (8) Steven Grilli; (9) Christopher Waiters; (10) Nashanta C. Robinson; (11) David Coleman; (12) Dana Walker; (13) Antonique Edwards; (14) Shakia Harris; (15) Janelle Wright-Brown; (16) Quadriyy Major; (17) Rose Morgan; (18) the City of Philadelphia Law Department; (19) Jeri Hope Behrman; (20) Atya Burns; (21) Kathleen Kim; (22) Jeffrey C. Bruch; (23) Louisa Ashmead Robinson; (24) Patricia McGhettigan; (25) Lindsay Margaret Palmer; (26) Carla Beggins; (27) Jonathan Houlon; (28) Judge Joseph L. Fernandes; (29) Sheriff Moore; (30) Sheriff Dunbar; (31) Sheriff Bradley; (32) Sheriff Taylor; (33) the Philadelphia Police Department 22nd District; (34) Sergeant Bascom; (35) Officer Foley; (36) Henry House/Northeast Treatment Centers; and (37) Regan Kelly. She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Ms. Johnson leave to proceed *in forma pauperis*, and dismiss Ms. Johnson's claims except for certain of her claims against Darin Wiggs-Hughes,

1

Christopher Li, Ms. Latiff, Sheriff Moore, Sheriff Dunbar, Sheriff Taylor, Sergeant Bascom, and Officer Foley.

I. **FACTS**

On June 3, 2016, Ms. Johnson was at home when "Christopher Li and Philadelphia Police Department kidnapped [her minor] daughter C.S.J. . . . without a warrant." (Compl. at 25.)[1] Ms. Johnson claims she was never served with any legal documents before her daughter was taken away. (*Id.*) Her daughter was placed in foster care "where she was later abused and neglected." (*Id.*) Ms. Johnson filed an appeal, but she was "never heard." (*Id.*) She "was given supervised visits with [her] daughter that were later terminated . . . but were eventually restored." (*Id.*)

On February 7, 2017, Ms. Johnson, who was eight (8) months pregnant at the time, was at home when Darin Wiggs-Hughes, Ms. Latiff, Sergeant Bascom, and Officer Foley "kicked in the first and third floor apartment doors." (*Id.* at 26.) Ms. Johnson claims that they "assaulted, battered and falsely arrested [her] partner Brian Nathaniel Shaw Jr. and took his keys out of his pocket which they used to open the front door." (*Id.*) Those Defendants then searched through Ms. Johnson's belongings and subsequently "illegally seized [her minor] son B.N.S. . . . and [her minor] daughter H.S.S. . . . without a warrant." (*Id.* at 26-27.) Her children were placed in foster care "where they were force vaccinated, abused and neglected." (*Id.* at 27.) Ms. Johnson eventually received "supervised visits at Family Court of Philadelphia with [her] son and daughter 2 times a month to this day." (*Id.*) The children were placed with their aunt and grandmother in March of 2018. (*Id.*)

---

[1] The Court utilizes the pagination assigned to the Complaint by the CM/ECF docketing system.

On February 10, 2017,[2] Ms. Johnson was at the Family Court of Philadelphia when the "Family Court Clerk and Supervisor denied [her] the right to file a notice into cases . . . under the strict orders of Judge Joseph L. Fernandes." (*Id.* at 28.) Sheriff Moore told Ms. Johnson that she would need to leave. (*Id.*) Ms. Johnson asked why she had to leave and took her phone out to record the scene. (*Id.*) Sheriff Moore called for backup, told Ms. Johnson that she was not permitted to record inside the courthouse, and "snatch[ed the] phone out of [her] hand." (*Id.*) Her partner, Brian Nathaniel Shawn stepped between them, then Sheriff Moore "in collusion with other Family Court Sheriffs used excessive force on [her] partner and [her] to obstruct justice." (*Id.* at 29.) According to Ms. Johnson, Sheriff Moore assaulted, battered, and choked Mr. Shaw while Sheriff Dunbar did the same to her. (*Id.*) Ms. Johnson and Mr. Shaw were then arrested and detained in "family court cells by Sheriff Taylor." (*Id.*) They were searched and threatened with citations for disorderly conduct. (*Id.*) However, they were released after a hearing where Judge Fernandes ordered that B.N.S. and H.S.S. remain in the custody of the Department of Human Services. (*Id.*)

On April 5, 2017, Judge Fernandes held Ms. Johnson in contempt until her newborn, I.S.S., was brought to court "without [her] consent." (*Id.* at 30.) Ms. Johnson was taken to the Riverside Correctional Facility where she "was falsely imprisoned for approximately 60 hours." (*Id.*) She was subsequently taken back to Family Court, where Judge Fernandes issued a "stay away" order against her. (*Id.*) Ms. Johnson was separated from Mr. Shaw, was not allowed to remain at her home, and was not allowed to visit her sons and daughters. (*Id.* at 30-31.)

---

[2] Ms. Johnson references a date of February 10, 2016, but also mentions that she was eight (8) months pregnant at the time. It appears that Ms. Johnson inadvertently wrote 2016 instead of 2017.

3

Ms. Johnson alleges that her rights were again violated on June 6, 2017 when Judge Fernandes held Mr. Shaw in contempt of court. (*Id.* at 31.) Subsequently, Nashanta Robinson "in collusion with Police Officers of the Philadelphia Police Department 22nd District went to Gloria Cottman's private property and seized I.S.S. . . . without a warrant." (*Id.* at 32.) I.S.S. was then "placed in foster care where he was abused, neglected and force vaccinated." (*Id.*)

On February 6, 2018, Ms. Johnson's daughter C.S.J. gave birth to a son at the Temple University Hospital. (*Id.* at 33.) On February 9, 2018, Ms. Johnson claims that "police and security, and employees including nurses, doctors and social workers in collusion with DHS and Net CUA 7 employees came into C.S.J. private room and used excessive force and physically battered C.S.J. . . . and physically grabbed newborn J.J.A. to try to take him out of C.S.J. arms." (*Id.*) Ms. Johnson claims that "nurses and social workers illegally seized J.J.A. without a warrant." (*Id.* at 34.) C.S.J. was then handcuffed and "falsely arrested" and was taken to Henry House/Northeast Treatment Center. (*Id.*) According to Ms. Johnson, C.S.J. "has not to this day been enrolled in Henry House because she does not consent to anything that is being done." (*Id.*) C.S.J. has also "been threatened numerous times by Net CUA 7 and DHS employees [including Shakia Harris] to do what they tell her or else." (*Id.*)

Overall, Ms. Johnson contends that she's been "severely harmed, violated and sustained severe physical, emotional and psychological trauma, including theft and damage of [her] religious property and alienation during their tender years." (*Id.* at 35.) She also alleges that she "sustained personal injuries by aggravated assault and battery, false arrest, false imprisonment, violation of [her] rights by illegal searches and seizures, due process violations by persons acting as law enforcement officials and public officials." (*Id.* at 35-36.) She cites various federal civil and criminal statutes as well as international treaties as the bases for her claims. As relief, she

requests "the immediate return and restoration of [her] religious and biological property who are [her] sons, daughters, and grandson." (*Id.* at 36.) She also requests $150,000,00.00 in damages and for medical coverage "for the remainder of [their] natural lives" for herself, her children, her grandson, and her partner, Mr. Shaw. (*Id.* at 36-37.)

## II. STANDARD OF REVIEW

Because the Court is granting Ms. Johnson leave to proceed *in forma pauperis*, her Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Ms. Johnson is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Brought on Others' Behalf

While not clear, it appears that Ms. Johnson is attempting to assert claims on behalf of her partner, Mr. Shaw, as well as her children and grandchild. Throughout her Complaint, Ms. Johnson refers to how Mr. Shaw was falsely imprisoned and subjected to excessive force, and that her children were abused and neglected while in foster care. Ms. Johnson, however, lacks standing to pursue claims on behalf of these individuals and, even if they were parties to this case, she would not be able to represent them because a non-attorney proceeding *pro se* may not

5

represent others in federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may not pursue claims on behalf of anyone other than himself). The Court will therefore dismiss any claims raised on behalf of these individuals without prejudice.[3]

### B. Claims Under Criminal Statutes

Johnson vaguely contends that the Defendants have violated various criminal statutes, including 18 U.S.C. § 242. Criminal statutes, however, do not provide a basis for civil liability. *See Cent. Bank of Dover, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone[.]"); *see also Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (per curiam) (noting that § 242 does not "create[] a civil cause of action"). Accordingly, any claims brought pursuant to criminal statutes will be dismissed.

### C. Claims Under 15 U.S.C. § 1692e(1)

Johnson also alleges that the Defendants have violated 15 U.S.C. § 1692e(1). This statute, which is part of the Fair Debt Collection Practices Act, prohibits a debt collector from collecting any debt through "false representation or implication that the debt collector is vouched

---

[3] The Court notes that Mr. Shaw has already brought suit with respect to the removal of his children from his custody. *See Shaw v. Fernandes*, Civ. Action No. 18-228 (E.D. Pa.). By Memorandum and Order entered on January 24, 2018, the Honorable Nitza I. Quiñones Alejandro dismissed Mr. Shaw's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Rule 8 of the Federal Rules of Civil Procedure, and provided leave to amend. *Shaw v. Fernandes*, No. 18-228, 2018 WL 547234 (E.D. Pa. Jan. 24, 2018). On March 19, 2018, Judge Quiñones Alejandro dismissed Mr. Shaw's case without prejudice for failure to prosecute because he had not filed an amended complaint. *Shaw v. Fernandes*, Civ. Action No. 18-228 (E.D. Pa. Order filed Mar. 19, 2018).

6

for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof." 15 U.S.C. § 1692e(1). Nothing in the Complaint, however, suggests that any of the Defendants were debt collectors trying to collect a debt from Ms. Johnson. Accordingly, 15 U.S.C. § 1692e(1) has no applicability here, and Ms. Johnson's claims pursuant to that statute will be dismissed.

### D.     Claims Under 28 U.S.C. § 455(a)

Johnson next vaguely alleges that the Defendants violated 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." None of the Defendants, however, are federal justices, judges, or magistrates judges. Accordingly, Ms. Johnson's claims pursuant to § 455(a) will be dismissed.

### E.     Claims Under the Declaration of Rights of the Child and the Declaration of Rights of Indigenous Peoples

Johnson also contends that the Defendants violated various United Nation or international declarations, including the Declaration of Rights of the Child and the Declaration of Rights of Indigenous Peoples. However, such declarations "are generally statements of policy rather than being binding treaties." *Ruach El v. Chang*, No. 2:17-1915-RMG-BM, 2018 WL 672421, at *4 (D.S.C. Jan. 10, 2018) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004); *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 719 (9th Cir. 1992)), *Report and Recommendation adopted by* 2018 WL 671201 (D.S.C. Jan. 31, 2018); *see also Trazell v. Wilmers*, 975 F. Supp. 2d 133, 144 (D.D.C. 2013) (suggesting that United Nations resolutions and declarations "are meant to govern the conduct of nations, not private parties"). Moreover, Ms. Johnson has not explained how she believes the Defendants have violated these Declarations. Accordingly, any claims brought pursuant to the Declarations will be dismissed.

## F. Claims Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Ms. Johnson's Complaint fails to allege a meritorious claim against the majority of the named Defendants.

### 1. Claims Against the Department of Human Services, the City of Philadelphia Law Department, and the Philadelphia Police Department 22nd District

Ms. Johnson has named the Department of Human Services, the City of Philadelphia Law Department, and the Philadelphia Police Department 22nd District as Defendants in this matter. These departments, however, cannot be sued under § 1983, as they are not separate legal entities from the City of Philadelphia. *See Regalbuto v. City of Phila.*, 937 F. Supp. 374, 377 (E.D. Pa. 1995). Accordingly, Ms. Johnson's claims against these entities are subject to dismissal.[4]

### 2. Claims Against Judge Fernandes

Ms. Johnson asserts that Judge Fernandes violated her rights by ordering that her children be removed from her custody, entering a "stay away" order against her, and holding her in contempt for failing to produce her one child in court. Judges, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Here,

---

[4] Even if Ms. Johnson had named the City of Philadelphia as a Defendant, nowhere in her Complaint has she alleged a municipal custom or policy that led to the violation of her rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom).

8

it is apparent that Ms. Johnson is suing Judge Fernandes based on the manner in which he ruled in or handled the proceedings regarding Ms. Johnson's children. Accordingly, her § 1983 claims against Judge Fernandes are barred by judicial immunity.

### 3. Claims Against Darin Wiggs-Hughes, Christopher Li, Ms. Latiff, Sheriff Moore, Sheriff Dunbar, Sheriff Taylor, Sergeant Bascom, and Officer Foley

As noted above, Ms. Johnson alleges that Defendants Darin Wiggs-Hughes, Christopher Li, Sergeant Bascom, and Officer Foley violated her rights under the Fourth Amendment by entering her home without justification, illegally searching her property, and taking her children away without cause. She further alleges that on February 10, 2017, while at Family Court, Sheriffs Moore, Dunbar, and Taylor assaulted and choked her, and subsequently falsely arrested her. In light of these allegations, Ms. Johnson will be permitted to proceed on her claims against these Defendants at this time. *See Graham v. Connor*, 490 U.S. 386, 393-99 (1989); *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012); *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009); *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

### 4. Claims Against the Remaining Defendants

Ms. Johnson's Complaint fails to state a claim with respect to the remaining Defendants because it does not raise any allegations showing that they were personally responsible for violating Ms. Johnson's constitutional rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated her rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Rather, Ms. Johnson has only named the remaining Defendants in the caption and fails to mention them in the body of her Complaint. Accordingly, Ms. Johnson's claims against the remaining Defendants will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court grant Ms. Johnson leave to proceed *in forma pauperis* but will dismiss her claims against all Defendants except her § 1983 claims against Darin Wiggs-Hughes, Christopher Li, Ms. Latiff, Sheriff Moore, Sheriff Dunbar, Sheriff Taylor, Sergeant Bascom, and Officer Foley, as set forth in Section III.F.3 of this Memorandum. Ms. Johnson will be permitted to proceed on her § 1983 claims against Darin Wiggs-Hughes, Christopher Li, Ms. Latiff, Sheriff Moore, Sheriff Dunbar, Sheriff Taylor, Sergeant Bascom, and Officer Foley at this time. However, as it is possible that Ms. Johnson could amend her claims against the remaining Defendants (except for the Department of Human Services, the City of Philadelphia Law Department, the Philadelphia Police Department 22nd District, and Judge Fernandes), she will be given an opportunity to file an amended complaint in accordance with the Court's Order, which follows. If Ms. Johnson fails to file an amended complaint, her Complaint will only be served on Darin Wiggs-Hughes, Christopher Li, Ms. Latiff, Sheriff Moore, Sheriff Dunbar, Sheriff Taylor, Sergeant Bascom, and Officer Foley.

**BY THE COURT:**

_____
**GERALD A. MCHUGH, J.**